United States Courts
Southern District of Texas
FILED

MAY 12 2021

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| PAUL HOUSTON LAVALLE, §<br>*In His Individual Capacity as a Pro Se* §<br>*Plaintiff and as a Proposed Representative* §<br>*of a Class Composed of Similarly Situated* §<br>*Attorneys as Well as Their Clients Who* §<br>*Are the True Parties in Interest Herein* §<br>§<br>V. §<br>§<br>SEANA WILLING §<br>*In Her Official Capacity as the Chief* §<br>*Disciplinary Counsel for the* §<br>*State Bar of Texas* § | Civil Action No. _____<br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

PLAINTIFF'S FIRST SWORN ORIGINAL COMPLAINT, REQUEST FOR
EMERGENCY EX PARTE RELIEF STAYING STATE PROCEEDINGS AND
REQUEST FOR FURTHER ORDERS AFTER NOTICE AND HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

PAUL HOUSTON LAVALLE, Plaintiff Pro Se, complains of SEANA WILLING in her Official Capacity as the Chief Disciplinary Counsel for the State Bar of Texas, and for causes of action shows:

I. PARTIES AND SERVICE

1. Plaintiff, PAUL HOUSTON LAVALLE, is an individual residing in League City, Galveston County, County, Texas.

2. Defendant, SEANA WILLING is an individual being sued in her official capacity and who *normally* could be served with process via U.S. Certified Mai, return receipt requested by serving her at State Bar of Texas, Texas Law Center, 1414 Colorado Street, Austin, Texas 78701. However, Plaintiff, upon information and belief has been

advised that Defendant and others are working remotely and may be most expeditiously, although arguably, informally noticed via electronic service to swilling@texasbar.com or upon Defendant's Ms.Juditb Gres Deberry at jdeberry@texasbar.com and/or via fax at 512-427-4167.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action because federal questions are involved 28 U.S.C.A. § 1331 (West 2009).

4. Pendent jurisdiction: because federal and state questions are involved, this court has pendent jurisdiction over this action, 28 U.S.C.A. § 1367 (West 2009).

5. The events giving rise to the causes of action occurred in Galveston County, Texas. This suit is within the minimum jurisdictional limits of the Court and is filed seeking relief pursuant to 42 U.S.C.A. § 1983.

## III. STATEMENT OF FACTS AND BACKGROUND

6. The Plaintiff will show that Plaintiff is a thirty-three plus (33+) year Texas attorney, who was formerly admitted to this Honorable Court on June 19, 1987 as well as to at least six other federal bars. Plaintiff noticed each federal bar in writing that he retired from federal practice on the occasion of his 60th birthday, effective July 29, 2020. To be clear, Plaintiff is not seeking re-admission nor admission, Pro Hac Vice, but wishes to proceed Pro Se as is the 6th Amendment right of every citizen.  By way of further background, Plaintiff is a twenty-eight (28) year honorably retired Texas Peace Officer, former twelve (12) year Presiding Judge of a Municipal Court, as well as a retired State Military Officer, having retired in the grade of Colonel (O-6) in the Texas State Guard (Army) and a graduate of the United States Marine Corps Command and Staff College in

Quantico, Virginia. Plaintiff also co-authored a book that became an Amazon "all-time best-seller" on courtroom procedure. All net proceeds from the book project were dedicated to a charity that feeds hungry children in America. Plaintiff has enjoyed membership in the Pro Bono College and the College of the State bar for many, many years. Plaintiff has enjoyed a law practice successfully representing thousands of clients in varied forums across Texas and other states as well. Plaintiff, obviously, believes that a property right under the 14th Amendment to the United States Constitution attaches to Plaintiff's state bar license to practice law, ability to earn a livelihood and support his family.

7.    Regrettably, Plaintiff currently is appealing a criminal conviction in Cause No. 19-CR-0918, styled The State of Texas v. Paul Houston LaValle, Tamper/Fabricate Physical Evidence; in the 56th Judicial District Court of Galveston County, Texas. Said case is now on appeal as Cause Np. 20-14-00245-CR, styled Paul Houston LaValle v. The State of Texas; in the Fourteenth Court of Appeals sitting in Houston, Texas. Said case has been submitted on briefs and pending a decision since January 12, 2021. Plaintiff reasonably believes a decision favorable to Plaintiff will be issued in the near term. It should be noted that the underlying criminal case has no relation or connection to Plaintiff's clients or cases at the date of the alleged offense and highly disputed criminal offense. On March 16, 2021, Plaintiff was contacted by the Galveston County Precinct One Constable's Office regarding a "paper' to be served upon Plaintiff. Plaintiff met with the assigned Deputy Constable in mere minutes and accepted service of a letter dated March 10, 2021, a pleading captioned "Before the Board of Disciplinary Appeals Appointed by the Supreme Court of Texas in Cause No. 64480; In the Matter of Paul

Houston LaValle, State Bar Card No. 11998625 entitled Second Amended Petition for Compulsory Discipline, a Notice of a Hearing (remotely via the Zoom App) set for 9:00a.m. on Friday, April 30, 2021, exhibits from Petitioner's alleged criminal prosecution criminal prosecution, an affidavit from Ms. Judith Gres DeBerry verifying the pleading as well as the *first* page of the table of contents as well as pages 1,3,5,7,9 and 11 (every other page) of a document entitled "Internal Procedure Rules, Board of Disciplinary Appeals, *Current through June 21, 2018*". A copy of the said service documents is attached hereto as Exhibit "1" as if set forth at length for all purposes. Plaintiff presumed that the point of the Defendant's exercise was to give notice and hearing of a brief proceeding to suspend Plaintiff's license to practice law in a summary fashion, prior to the Appellate Court ruling in the criminal case while giving a pretense or façade of giving Plaintiff substantive due process. Plaintiff much later learned that had Plaintiff been served the *second* page of the table of contents, *as well as the even numbered pages, at page 8 Plaintiff would have discovered* "their" rules or procedures concerning Compulsory Discipline, of which this case seemed to be described.

      8.      Thereafter, Plaintiff sought expert counsel from attorneys knowledgeable in this extremely arcane and esoteric area of law. Plaintiff was horrified when interviewing a former regional counsel with Defendant's office and was advised that in effect, Defendant "bats 1000" on contested compulsory suspension hearings. At that point, Plaintiff again called into question whether traditional notions of fair-play and substantial justice would be present at this hearing so that Plaintiff's rights were protected or if Plaintiff was facing a mere "rubber-stamp" proceeding with the minimal trappings

of justice to appear to protect Plaintiff's Constitutional and statutory rights under both federal and state law.

9.  Plaintiff arrived at his Texas City, Texas office early on the morning of April 30, 2021 to do final preparations and attend the remote hearing via the Zoom App.

10.  While making last-minute preparations, Plaintiff suffered a bout of extreme respiratory distress and was delivered to the emergency room at Houston HCA Mainland Hospital in Texas City. During Plaintiff's short transport, Plaintiff's contract legal assistant e-mailed Defendant's employee, Ms. Judith Gres DeBerry who was presenting the case against Plaintiff to advise that Plaintiff had suffered a medical emergency and was en route to the hospital due to a medical emergency and would update shortly. A copy of the said e-mail is attached hereto as Exhibit "2" as if set forth at length for all purposes. Plaintiff was immediately triaged, admitted as a cardiac patient and the hospital staff began working to stabilize Plaintiff by starting IV medications, breathing treatments, oxygen, etc… and begin the diagnostic process. While this was ongoing and Plaintiff gasped for air, barely able to speak, Plaintiff was contacted by his employee and advised to login to the hearing in progress and argue his motion for continuance. Plaintiff was assisted in doing so by an unknown hospital employee and managed to muster up the lung capacity to respectfully request a continuance. At all times pertinent, Plaintiff was displayed on video for the Chair, entire Panel as well as Ms. DeBerry to enjoy watching Plaintiff in distress and suffering. In fact, Ms. DeBerry's response to Plaintiff's oral motion for continuance was that since Plaintiff did not pre-file a written motion, she would only agree to a continuance if Plaintiff would agree to an immediate suspension BEFORE having a hearing on the merits. The learned Chair asked

for Plaintiff's response and Plaintiff struggled to say that the 14th Amendment came to mind. At this point, Plaintiff, with an O2 level dropping below 80% believed he was either in the throes of a horrific nightmare regarding "Nazi-like justice" or had already died, reached his day of reckoning and gone to Hell to be separated from God and his twelve (12) year old daughter for eternity. The Chair, in its wisdom, GRANTED a brief continuance on the trial on the merits and Plaintiff cried himself to sleep as the various medications began to take effect. Plaintiff was released with an EKG abnormality over the weekend with out-patient referrals for a cardiologist, a pulmonologist and a sinus surgeon. Said remote hearing with the State Bar is now set via the Zoom App for 3:00 p.m. on Thursday, May 13, 2021. Plaintiff has prepared and filed a responsive pleading in the State Bar case entitled "Respondent's Verified Objection to Remote Proceeding, Plea in Abatement, Original Answer and Request for Attorney's Fees" A copy of the said pleading is attached hereto as Exhibit "3" as if set forth at length for all purposes. The objection was filed because a read of Defendant's procedures, whether it is a read of the half served on Plaintiff or the full text establishes Defendant has no written procedures for remote proceedings which gives Plaintiff no framework to prepare for or present a defense. Plaintiff asserts that Plaintiff is entitled to the decorum and formality of an in-person proceeding to safeguard Plaintiff's fundamental due process rights as well as ensure the authenticity of exhibits. Plaintiff is prepared to present proof of full Covid-19 vaccination and a recent negative Covid-19 test prior to any in-person proceeding. The Plea in Abatement was filed because if Plaintiff's license is summarily suspended and Plaintiff receives a favorable result on the appeal in the near term, not only will Plaintiff's law practice be irreparably harmed and never recover, but Plaintiff's 60+ client's, many

of whom are being represented Pro Bono, and/or for a greatly reduced fee and are now under-employed or unemployed during the Covid-19 pandemic. Said clients will be unable to retain new counsel for their pending final hearings, including divorces, CPS cases and criminal trials already set to include a murder case in Harris County and a multiple count felony sex crime trial in Harris County. Plaintiff is also representing a mentally deficient person in five separate competency proceedings in a Harris County felony court. Plaintiff is handling many other matters including guardianships and other complex matters. Plaintiff is agreeable, if requested to do so, to not take on new legal matters and only focus on finishing current legal matters pending the outcome of the criminal appeal or further determination of this Honorable Court. Relief is sought herein, not for purposes of delay but for judicial economy and so that substantial justice may be done.

11. While Plaintiff has filed this action in his individual capacity, Plaintiff is also respectfully requesting that he be allowed to serve as a class representative for a class composed of any similarly situated attorneys, as well a class representative for Plaintiff's clients and the clients of any similarly situated attorneys. Plaintiff believes these clients are the true parties in interest here as they will suffer the most irreparable harm if Defendant is allowed to continue with its course of unconstitutional conduct. Plaintiff's clients have a 6th Amendment right to the counsel of their choice under federal law and have a right under state law to not have Defendant intentionally interfere with their contractual relationships. It is certainly not the case that Defendant is offering to finish Plaintiff's current casefiles, rather Defendant's goal appears to be to inflame and incite the clients, many of whom are family and friends to

join the State and "kick Plaintiff while he is down". Clearly, the clients are the true party in interest here in that they are wholly without fault or blame but will be in severe financial and legal peril if Plaintiff cannot assist them in finishing their cases and achieving their legal objectives. Plaintiff attaches the affidavit of Ms. Stacie Martinez, an active legal client of Plaintiff's hereto as Exhibit "4" as if set forth at length for all purposes. Plaintiff asserts that the filing of the instant complaint today is too close to the actual proceeding tomorrow that Plaintiff is attempting to enjoin for Plaintiff to secure additional affidavits. However, Plaintiff would be pleased to have clients present to testify at any evidentiary hearing after notice to Defendant.

12. For all of the foregoing, Plaintiff asserts it is obvious that Defendant's rush to "Defendant's brand of justice" does not allow Plaintiff a fair-shake and requires the Court's immediate intervention to protect Plaintiff's rights under the 14th Amendment to the United States Constitution as well as protect him from Defendant's intentional interference with contractual relations under state law. Further, Plaintiff asserts that Defendant is violating the clients' 6th Amendment rights under the United States Constitution as well as protect the clients from Defendant's intentional interference with contractual relations under state law. Plaintiff attaches his sworn affidavit hereto as Exhibit "5" as if set forth at length for all purposes.

### III. CAUSES OF ACTION

13. The Plaintiff hereby repeats and re-alleges the allegations contained within the preceding paragraphs 1 through 13 as if fully set forth herein. Plaintiff complains of Defendant for the following causes of action:

## CLAIM UNDER 42 U.S.C.A. § 1983

14. Defendant acted against Plaintiff to cause him harm. Defendant is, at least, a quasi-state actor who is acting under color of Texas state law at the time of the actions giving rise to Plaintiff's claim. Defendant's actions deprived Plaintiff of his rights under the Fourteenth Amendment of the United States Constitution. Plaintiff seeks damages both actual and compensatory as well as Ex Parte temporary injunctive relief and for further Orders after notice and hearing for Defendant's oppressive actions. Plaintiff's federal constitutional rights were violated in that he was denied his rights under the U.S. Constitution, Amendment Fourteen in that was deprived of equal protection and/or due process under law as Defendant's actions are both unconscionable and unreasonable. Further, Plaintiff's Federal Civil Rights will continue to be disregarded by Defendant in the future.

15. The Defendants violated the Plaintiff's Constitutional rights to equal protection and due process of law under the Fourteenth Amendments to the U.S. Constitution giving gives rise to a reasonably foreseeable risk of harm to the Plaintiff.

16. The injury to the Plaintiff is a foreseeable event. It is directly and proximately caused from the Defendant's callous disregard for Plaintiff's rights and Defendant's non-discretionary acts performed at the operational level. As a result, the Plaintiff is entitled to recover all actual damages allowed by law.

## STATE LAW CLAIM
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

17. Plaintiff re-asserts paragraphs 1-14 above, as if fully set forth and asserts that Defendant's conduct makes Defendant liable to Plaintiff under state law for the intentional interference with contractual relations.

## CLIENTS' CLAIMS
## CLAIM UNDER 42 U.S.C.A. § 1983

18. Plaintiff re-asserts paragraphs 1 through 15 as if set forth at length asserting a violation of the client's federal civil rights under the 14th Amendment to the United States Constitution.

## CLIENTS' STATE LAW CLAIM
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

19. Plaintiff re-asserts paragraphs 1 through 16 as if fully set forth at length and asserts that Defendant's conduct makes Defendant liable to Plaintiff under

## IV. REQUEST FOR EMERGENCY EX PARTE RELIEF

20. Plaintiff re-asserts paragraphs 1 through 16 as if fully set forth at length and asserts that Plaintiff, other attorneys similarly situated as well as Plaintiff's clients will be irreparably harmed unless the Court, acting on an emergency ex parte basis, dispenses with the necessity of a bond, Orders an immediate stay, injunction and/or temporary restraining order enjoining Defendant and those working in concert with or under the Defendant's direction from proceeding against Plaintiff on May 13, 2021. Thereafter, after notice and hearing, Plaintiff requests both a procedural hearing regarding the proposed class(es) of additional Plaintiffs as well as a full evidentiary

proceeding on the constitutionality of the proposed underlying remote proceedings that Defendant wishes to continue to prosecute against Plaintiff.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer as required by law, and upon final trial and hearing hereof, the Plaintiffs have and recover of the Defendant their damages sought above, permanent injunctive relief, together with costs of court, pre-judgment interest at the legal rate, and such other and further relief, general and special, legal and equitable, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

/s/ Paul H. LaValle
Paul H. LaValle
2501 Palmer Hwy., Ste. # 112
P.O. Box 3073
Texas City, Texas 77592-3073
Telephone No. (409) 945-3314
Cell No. (832) 573-3465
Facsimile No. (409) 945-2310
E-Mail: paul@lavalle-law.com
PLAINTIFF PRO SE

PLAINTIFF RESPECTFULLY DEMAND TRIAL BY JURY

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Paul Houston LaValle, Individually, et al

**(b)** County of Residence of First Listed Plaintiff  **Galveston**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Paul H. LaValle, PO Box 3073, Texas City, TX 77592
832-573-3465   paul@lavalle-law.com

## DEFENDANTS
Seana Willing, In her Official Capacity as the Chief Disciplinary Counsel for the State Bar of Texas

County of Residence of First Listed Defendant **Travis**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

United States Courts
Southern District of Texas
FILED
MAY 12 2021
Nathan Ochsner, Clerk of Court

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ | Foreign Nation | ☐ 6 | ☐ |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - | | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | Product Liability | 690 Other | INTELLECTUAL | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **PROPERTY RIGHTS** | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | PERSONAL PROPERTY | LABOR | 880 Defend Trade Secrets Act of 2016 (15 USC 1681 or 1692) | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | 710 Fair Labor Standards Act | | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | Habeas Corpus: | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | 871 IRS—Third Party 26 USC 7609 | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | | | 950 Constitutionality of State Statutes |
| | 448 Education | 540 Mandamus & Other | 462 Naturalization Application | | |
| | | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. Sec. 1983

Brief description of cause:
Violation of Civil Rights for Substantive Due Process (Before a Tribunal)

| VII. REQUESTED IN COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ 1,000,000.00 | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* JUDGE _____ DOCKET NUMBER _____ |
|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 05/12/2021  /s/Paul h. LaValle | /s/Paul H. LaValle |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction. Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.